JOHN VAJAS          *       NO. 2025-C-0675

**VERSUS**          *

                **COURT OF APPEAL**

**KEVIN MORRIS**       *

                **FOURTH CIRCUIT**

         *

                **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-01741, DIVISION "L"
Honorable Kern A. Reese
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

Ryan E. Gaudet
G. Adam Savoie
DUDLEY DEBOSIER INJURY LAWYERS
1100 Poydras Street, Suite 3900
New Orleans, LA 70163
       COUNSEL FOR RELATOR

Valerie Theng Matherne
Troy N. Bell
James M. Matherne
Trey M. Williams
Chloe L. Krake
COURINGTON, KIEFER & SOMMERS, MATHERNE & BELL, L.L.C.
616 Girod Street
New Orleans, LA 70130

       COUNSEL FOR RESPONDENT

                                      **REVERSED**
                                **November 12, 2025**

NEK

RLB

MGM

Relator, John Vajas ("Vajas"), seeks supervisory review of the district court's September 29, 2025 judgment granting Respondent's exception of no right of action and motion to strike. For the following reasons, we reverse the district court's judgment.

## PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on April 19, 2024. On February 21, 2025, Vajas filed suit against Kevin Morris ("Morris"), the other driver involved in the accident. In his petition for damages, Vajas mentions that the Respondent, State Farm Mutual Automobile Insurance Company ("State Farm"), had issued a policy of insurance to Morris that provided coverage for the accident. Despite not being named as a party in the original petition, State Farm filed a motion to strike all references to it from the case. In the interim, Vajas attempted service on Morris three times with no success. As a result, Vajas filed an amended petition on August 12, 2025, and formally added State Farm as a party to the case. In response, State Farm filed an exception of no right of action, arguing that, pursuant to the amendments to La. R.S. 22:1269, Vajas could not bring a direct action against it. The district court heard arguments on State Farm's motion

1

to strike and exception of no right of action on September 19, 2025[1], and it granted both in State Farm's favor. Following the hearing, the district court issued its formal, written judgment dismissing State Farm without prejudice and striking any reference to it or insurance coverage from the case. This timely writ application followed.

## ASSIGNMENTS OF ERROR

Vajas assigns two errors in his application:

1. The district court erred as a matter of law by misinterpreting La. R.S. 22:1269(B)(1)(c) and finding that Vajas cannot maintain a direct action when service was attempted without success.

2. The district court erred as a matter of law by granting the motion to strike when Vajas' actions were in full compliance with the direct action statute.

## DISCUSSION

### Whether the district court erred by granting State Farm's exception of no right of action

Vajas first contends that the district court erred in granting State Farm's exception of no right of action. Appellate courts typically review a ruling on an exception of no right of action under the *de novo* standard because the exception presents a question of law. *Bombace v. Starr Indemn. & Liab. Co.*, 2025-0037, p. 8 (La. App. 4 Cir. 6/24/25), 416 So. 3d 8, 14 (citation omitted). The exception questions whether the plaintiff has standing to bring suit against a particular defendant, and sustaining the exception declares the plaintiff's action legally nonexistent or barred. *Id*. at p. 9, 416 So. 3d at 15 (quoting La. C.C.P. art. 923 and citing *Pri-Tal v. Progressive Prop. Ins. Co.*, 2024-0531, p. 10 (La. App. 4 Cir.

---

[1] Prior to the hearing on State Farm's motions, Vajas was finally able to serve Morris, and Morris filed an answer to the suit.

2

5/14/25), 414 So. 3d 1064, 1073). Thus, the appellate court's role is to determine whether the lower court was legally correct in its ruling. *Id*. at p. 8, 416 So. 3d at 14 (citation omitted).

In this case, the district court granted State Farm's exception of no right of action based on its interpretation of the amended Louisiana Direct Action Statute. The proper interpretation of a statute raises a question of law that likewise must be reviewed *de novo*. *See 225 Baronne Complex, LLC v. Roy Anderson Corp.*, 2024-0401, p. 10 (La. App. 4 Cir. 1/31/25), 408 So. 3d 291, 299 (citation omitted).

"The starting point for the interpretation of any statute is the language of the statute itself." *Auricchio v. Harriston*, 2020-01167, p. 4 (La. 10/10/21), 332 So. 3d 660, 662 (quoting *Dejoie v. Medley*, 2008-2223 (La. 5/5/09), 9 So. 3d 826, 829). When the language of a statute is clear and unambiguous and does not lead to absurd consequences, it shall be applied as written. *Id*. at p. 4, 332 So. 3d at 662-63 (citing La. C.C. art. 9 and then citing La. R.S. 1:4). Courts are to presume "that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." *ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ.*, 2000-0798, p. 6 (La. 11/28/00), 773 So. 2d 131, 135 (citation omitted). Courts cannot presume that "the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless." *Id*. (citation omitted).

The Louisiana Direct Action Statute, codified under La. R.S. 22:1269, used to allow plaintiffs to bring suit directly against the insurer of a tortfeasor. However, the statute was amended in 2024 and now precludes direct action against an insurer

unless certain criteria are met. *See* La. R.S. 22:1269(B)(1)(a)-(g). As amended, the statute now provides, in pertinent part, that a plaintiff shall not have a right of direct action against an insurer *unless* "[s]ervice of citation or other process has been attempted [upon the insured defendant] without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service." La. R.S. 22:1269(B)(1)(c). We find the language of the amended Direct Action Statute is clear and unambiguous—if a plaintiff has attempted to serve the insured defendant without success, then that plaintiff has a right of direct action against the insurer. Here, Vajas attempted to serve Morris three times without success. Therefore, per the plain wording of the statute, Vajas has the right to add State Farm to this suit.

To support its opposition, State Farm argues that because Morris was eventually served and has since filed an answer, Vajas no longer has a right against it. This argument is unpersuasive. Vajas did not move to add State Farm until after three unsuccessful attempts on Morris, which complied with the language of the statute.[2] The statute does not say the plaintiff loses his right to direct action if the insured is served after the insurer has been added to the suit. If the Legislature had intended for that to be the case, it would have included language to that effect. As courts are to presume that the Legislature is deliberate with its language, we find that to declare Vajas does not have a right of direct action against State Farm to be contrary to the Legislature's intent.

In making its ruling, the district court focused on the language of La. R.S. 22:1269(D)(1)(a) and (c). These provisions provide that an insurer may be brought

---

[2] The statute does not specify the number of service attempts needed before a plaintiff may take direct action against an insurer. It only requires that some attempt be made to serve the insured before bringing a direct action.

into a case at the end for purposes of a final judgment or settlement. The district court reasoned that since Morris had been served and had filed an answer, there was no reason to include State Farm in the case prior to the rendition of a final judgment. The district court further reasoned that there appeared to be a conflict between sections (B)(1)(c) and (D)(1)(a) of the statute. This is not so. The plain language of La. R.S. 22:1269(D)(1)(a) states, "**In those instances where direct action is not otherwise authorized by law,** . . . a liability insurer may be joined on motion of any party as a party defendant for the purposes of entering final judgment or enforcing the settlement." (Emphasis added). La. R.S. 22:1269(B)(1)(c) authorizes Vajas to bring a direct action against State Farm under these circumstances. Therefore, a conflict does not exist, and La. R.S. 22:1269(D)(1)(a) does not apply to this case.

In summary, the Direct Action Statute, as amended, is clear and unambiguous that Vajas has a right of direct action against State Farm under the exception outlined in La. R.S. 22:1269(B)(1)(c). There is nothing in the statute indicating that State Farm must be removed from the suit after it is joined through one of the authorized exceptions. Therefore, the law must be applied as written. We find that the district court erred in granting State Farm's exception and dismissing it from this suit.

***Whether the district court erred by granting State Farm's motion to strike***

In light of the above, we find that the district court likewise erred in granting State Farm's motion to strike. Although an appellate court typically reviews a ruling on a motion to strike for an abuse of discretion, when the ruling involves an interpretation of a statute, the *de novo* standard applies. *Hurel v. Nat'l Fire &*

5

*Marine Ins. Co.*, 2025-0049, p. 15 (La. App. 4 Cir. 3/11/25), 414 So. 3d 778, 788 (citing *225 Baronne Complex, LLC*, 2024-0401, p. 10, 408 So. 3d at 291).

In its motion to strike, State Farm requested that all references to it be stricken from the pleadings and that the existence of insurance coverage be precluded from the jury in accordance with La. R.S. 22:1269(B)(4). That provision holds that an insurer shall not be included in the caption of an action and that the existence of insurance coverage shall not be disclosed to the jury unless so required by article 411 of the Louisiana Code of Evidence. La. R.S. 22:1269(B)(4)(a) and (b).

First, La. R.S. 22:1269(B)(4)(a) only prohibits the inclusion of an insurer in a case's caption. As Vajas has not listed State Farm in the caption of this case, that section of the statute is inapplicable here. Next, La. R.S. 22:1269(B)(4)(b) provides that the existence of insurance coverage shall not be disclosed to the jury unless the disclosure is required under La. C.E. art. 411. Article 411 of the Code of Evidence allows for the existence of insurance coverage to be communicated to a jury under certain circumstances, including cases where a direct action has been brought against an insurer pursuant to an exception in La. R.S. 22:2169(B)(1)(a)-(g). As Vajas has a right of direct action pursuant to one of those exceptions, we find that striking all references to State Farm and the existence of insurance coverage to be premature at this juncture.

State Farm relies on the Fourth Circuit's decision in *Hurel* to support its argument that the district court correctly granted its motion to strike. 2025-0049, p. 1, 414 So. 3d at 778. However, *Hurel* is distinguishable from this current case in that the Court found that the plaintiff did not have a right of action against the insurer. *Id.* at p. 13, 414 So. 3d at 787. Therefore, the granting of the motion to

strike was proper in that case. Conversely, because we find that Vajas has a right of action against State Farm, the district court erred in striking any reference to State Farm from the pleadings and in prematurely precluding any reference to insurance coverage from trial.

## DECREE

For the foregoing reasons, we find that the district court erred in granting State Farm's exception of no right of action and motion to strike. Accordingly, we reverse the district court's September 29, 2025 judgment dismissing State Farm from this case and striking any reference to it or insurance coverage for the subject accident.

**REVERSED**